# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

W. BLAKE VANDERLAN, M.D.                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:15-cv-767-DPJ-FKB

JACKSON HMA, LLC d/b/a Central
Mississippi Medical Center                                          DEFENDANT

## ORDER GRANTING MOTION TO STAY DISCOVERY

Before the Court is a Motion to Stay [53] filed by Defendant Jackson HMA, LLC ("Jackson HMA"). The motion seeks a stay of discovery, pending the Court's ruling on a dispositive motion. Having considered the parties' filings and oral argument of counsel during a telephonic conference on December 21, 2017, the Court finds that the motion should be granted.

Jackson HMA filed a motion to dismiss the First Amended Complaint on November 9, 2017. [51]. Jackson HMA contends that the Complaint fails to state a cognizable claim under the False Claims Act. [51] at 1. Specifically, it argues that the False Claims Act does not permit recovery based on alleged Emergency Medical Treatment and Labor Act ("EMTALA") violations or any of Vanderlan's other claims. *Id.* at 1-2. Additionally, Jackson HMA contends that even if Vanderlan could state a valid FCA claim, it would be precluded by the False Claims Act's "public disclosure bar." *Id.* at 2. Jackson HMA requests that the Court stay discovery, pending a ruling on the motion to dismiss, to potentially avoid voluminous and expensive discovery. [53] at 5.

The Court has discretion to stay discovery pending consideration and ruling on a motion to dismiss.

> The United States Court of Appeals for the Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the

motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery.

*Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09CV253 KS-MTP, 2010 WL 3893915, at \*1 (S.D. Miss. Sept. 30, 2010)(citing *Landry v. Air Line Pilots Ass 'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir.1990), *cert. denied*, 111 S.Ct. 244 (1990); *Nankivil v. Lockheed Martin Corp.*, 216 F. RD. 689 (M.D.Fla.2003), *aff'd*, 87 Fed. Appx. 713 (11th Cir.2003)).

Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause shown, issue an order to protect a party or person from ... undue burden or expense." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Dowdy & Dowdy P'ship,* , 2010 WL 3893915, at \*1 (citing *Spencer Trask Software and In'l Servs., LLC v. Rpost Int'l Lim.*, 206 F.RD. 367, 368 (S.D.N.Y.2002)).

The Court finds that good causes exists to grant a stay of discovery pending a ruling on the dispositive motion [51]. Jackson HMA's motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b), contends that Vanderlan's Complaint fails to plead or sufficiently state legally viable claims under the FCA. Vanderlan has already filed a lengthy response, and the motion is now fully briefed and ripe for decision by the court. Moreover, Jackson HMA presents a convincing argument that, given the nature of the claims, the potential cost it faces in responding to discovery, particularly with regard to collection, identification, and production of documents, may be substantial. A stay until the Court has ruled on Jackson HMA's motion to dismiss would potentially prevent a significant, unnecessary expenditure of resources by the parties.

The Court does not anticipate that the stay of discovery will be lengthy, as it will only be in effect until the Court rules on the pending motion to dismiss. Once the Court has ruled on motion [51], the Court will either lift the stay or dismiss the case.

The Court also finds that Vanderlan will not be prejudiced by the stay. When discussing the prejudice he would suffer from a stay, Vanderlan points to the difficulty he will have in meeting deadlines, particularly his expert designation deadline, in the current scheduling order. [55] at 5. However, a stay nullifies the current scheduling order, and if the Court denies the motion to dismiss, a new scheduling order will be entered.

For the reasons given above, IT IS ORDERED that:

The Motion to Stay Discovery [53] is GRANTED. All disclosure requirements and discovery are hereby stayed pending the Court's ruling on Jackson HMA's motion to dismiss [51].

SO ORDERED, this the 22nd of December, 2017

       /s/ F. Keith Ball
       UNITED STATES MAGISTRATE JUDGE