UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE UNITED STATES OF AMERICA, *ex rel.*
W. BLAKE VANDERLAN, M.D.                                                    PLAINTIFFS

V.                                               CIVIL ACTION NO. 3:15-CV-767-DPJ-FKB

JACKSON HMA, LLC d/b/a
CENTRAL MISSISSIPPI MEDICAL CENTER
a/k/a MERIT HEALTH CENTER-JACKSON                                            DEFENDANT

ORDER

This suit under the False Claims Act is before the Court on Relator W. Blake Vanderlan, M.D.'s motion for a preliminary injunction/temporary restraining order [27] and Defendant Jackson HMA, LLC's motion to dismiss [51]. For the reasons explained, the Court finds the motion for a preliminary injunction/temporary restraining order [27] should be denied. The Court will defer ruling on the motion to dismiss, opting instead to stay the case.

I.      Facts and Procedural History

The parties meticulously set forth the procedural history behind this action, as well as the background and workings of the False Claims Act ("FCA") and the Emergency Medical Treatment and Labor Act ("EMTALA") in their filings. In the interest of brevity, the Court will not attempt to recap their overviews.

In very general terms, Dr. W. Blake Vanderlan ("Vanderlan" or "Relator") formerly worked as a physician at Jackson HMA, LLC d/b/a Central Mississippi Medical Center, a/k/a Merit Health Center-Jackson ("Jackson HMA"). Vanderlan believes that the hospital wrongfully transferred African-American trauma patients without insurance to the University of Mississippi Medical Center in violation of EMTALA. He provided that information to federal investigators,

and on May 13, 2015, the Center for Medicare and Medicaid Services ("CMS")[1] issued a letter advising Jackson HMA that its Medicare provider agreement would terminate on June 5, 2015, unless it produced evidence that its deficiencies had been corrected. Letter [50-1] at 1–2.

The following day, CMS sent Vanderlan a copy of its letter to Jackson HMA, thanked him for bringing the matter to its attention, and advised him he "may wish to consider the civil enforcement provisions of § 187 [of the Social Security Act] on an independent basis." Letter [50-2] at 1. On October 23, 2015, Vanderlan filed the instant civil action against Jackson HMA, alleging that it submitted false claims for reimbursement to Medicare and Medicaid, by virtue of its violation of EMTALA. The case remained inactive for almost two years while the Government considered intervention. The Government ultimately declined to intervene, so Vanderlan now pursues this *qui tam* action as a private individual (also referred to as a relator), in the name of the Government, to enforce provisions of the FCA. 31 U.S.C. § 3730.

II.     Motion for Preliminary Injunction/Temporary Restraining Order

Vanderlan is afraid the Government may settle the EMTALA claims against Jackson HMA and in so doing rebrand the EMTALA claims as "non-FCA" claims. According to him, this might extinguish his EMTALA-based FCA claims. Vanderlan therefore seeks an injunction of settlement talks until the Court decides whether he has stated an FCA claim based on the alleged EMTALA violations. Both the Government and Jackson HMA oppose the motion.

    A.     Standard

"A preliminary injunction is an extraordinary remedy." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To obtain a preliminary injunction, Vanderlan must establish

---

[1] CMS is a federal agency within the Department of Health and Human Services ("HHS").

2

four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest. *Neal v. Fed. Bureau of Prisons*, 76 F. App'x 543, 545 (5th Cir. 2003); *Lakedreams*, 932 F.2d at 1107; *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Vanderlan "must prove all four elements and failure to prove any one of them will result in denial of the motion." *Neal*, 76 F. App'x at 545 (citing *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)); *see also PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (noting that granting preliminary injunction is "extraordinary remedy" to be granted only if party seeking it has "clearly carried the burden of persuasion" on all four elements).

B. Analysis

Having considered the applicable factors, the Court finds that an order enjoining Jackson HMA and the Government from pursuing settlement is not appropriate. Specifically, factors two, three, and four weigh against injunctive relief.[2]

1. Irreparable Injury

"To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable. The plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986). Vanderlan fails to meet this part of the test.

---

[2] Because these three factors do not support injunctive relief, the Court need not delve into the likelihood of success on the merits—particularly because the briefing on the merits overlaps with the motion to dismiss, on which the Court defers ruling.

Although Vanderlan seeks to enjoin the settlement discussions, he is not necessarily opposed to settlement of the FCA claims; indeed he would be entitled to a percentage of the proceeds. 31 U.S.C. § 3730(d)(1) (stating the relator shall receive 15–25% "of the proceeds of the action or settlement of the claim" if the Government proceeds with an action); *id.* (d)(2) (stating the relator shall receive 25–30% "of the proceeds of the action or settlement" if the Government does not proceed).

But he does oppose a settlement that releases all EMTALA claims and brands them as non-FCA, because he thinks it "*may*" extinguish his FCA claims "giving him no recourse in this Court." Relator Mem. [28] at 26 (emphasis added).

To begin, Vanderlan has not shown a significant threat that the Government's actions would deprive him of recovery, that the alleged harm is imminent, or that it could not be remedied financially. The only remedy Vanderlan is attempting to preserve in this motion is his right to recover a monetary award as the relator. Vanderlan has not shown that he would be without financial remedy if the Government acts beyond its statutory authority in settling its dispute with Jackson HMA.

In addition, an injunction until this Court rules on whether Vanderlan properly stated an EMTALA-based FCA claim does not necessarily entitle him to recovery because the Government retains broad authority over the dispute. As noted, the Government passed the opportunity to pursue this case. But under 31 U.S.C. § 3730(c)(3), the Court may "permit the Government to intervene at a later date upon a showing of good cause." And once it does, the Government has substantial authority to control the outcome. "The Government may dismiss the action *notwithstanding the objections of the person initiating the action* if the person has been notified by the Government of the filing of the motion and the court has provided the person with

an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A) (emphasis added). Or, "[t]he Government may settle the action with the defendant *notwithstanding the objections of the person initiating the action* if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances." *Id.* § 3730(c)(2)(B) (emphasis added). So even if Vanderlan has stated a claim, the Government still has authority to settle or dismiss it over his objections. Vanderlan has not yet shown that the potential settlement would exceed that authority.

Vanderlan is also concerned about the conclusive effect of any settlement. Under 31 U.S.C. § 3730(c)(5), "the Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty." Alternative remedies have been defined to include settlements. *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 649 (6th Cir. 2003) ("We therefore hold that a settlement pursued by the government in lieu of intervening in a *qui tam* action asserting the same FCA claims constitutes an 'alternate remedy' for purposes of 31 U.S.C. § 3730(c)(5)."). Vanderlan's concern is that "any finding of fact or conclusion of law made in such other proceeding that has become final shall be conclusive on all parties to an action under this section." 31 U.S.C. § 3730(c)(5). Thus, Vanderlan fears an order affirming a potential settlement that would become conclusive on his FCA claims. But Vanderlan has not demonstrated that the results § 3730(c)(5) dictates constitute irreparable harm.

    2.    Balancing the Harms

Vanderlan has not established that the threatened injury outweighs any damage that the injunction may cause the opposing party. Indeed, Vanderlan has not shown that he faces any more harm than the FCA allows. *See Tucker v. Hosemann*, No. 2:10-CV-178, 2010 WL

4384223, at *4 (N.D. Miss. Oct. 28, 2010) ("Since the plaintiffs have not shown a substantial likelihood of an actual injury . . . , there is no threatened injury to outweigh the threatened harm to the [defendant].").

Even if he has a potential harm, Vanderlan is not your typical litigant who has suffered, or will suffer, personal detriment. The financial injury Vanderlan would potentially experience is the loss of *qui tam* damages. And that loss does not outweigh the damage that Jackson HMA and the Government would suffer if precluded from continuing settlement discussions. Under the FCA, the Government's determination of the greater good trumps that of the relator when it comes to settlement or even dismissal. *See* 31 U.S.C. § 3730(c).

        3.      Public Interest

It is worth noting that the Court found no cases enjoining the Government from settling a dispute related to an FCA proceeding or an alleged EMTALA claim. The absence of any such cases may flow from the Government's broad authority in FCA disputes, or it may be the result of the strong public interest in favor of settlements in various contexts. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1976) (noting "there is an overriding public interest in favor of settlement" particularly in class-action suits) (citing *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826 (5th Cir. 1975) (stating settlement and conciliation "are the preferred means for resolving employment discrimination disputes"); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation.")); *see also Bradley v. Sebelius*, 621 F.3d 1330, 1339 (11th Cir. 2010) ("Historically, there is a strong public interest in the expeditious resolution of lawsuits through settlement.").

A settlement of this case would clear the dispute between a hospital and the Government. The Court understands Vanderlan's arguments regarding relators in general, but preventing further settlement discussions would not serve the public interest.

In sum, the Court finds that Vanderlan has not satisfied "a cumulative burden of proving each of the four elements" required for issuance of a temporary restraining order or preliminary injunction. *Miss. Power & Light Co.*, 760 F.2d at 621. His motion is denied.

II.     Motion to Dismiss

Jackson HMA seeks dismissal of all of Vanderlan's claims. Vanderlan responded; the Government did not. On August 31, 2018, after reviewing the pending motions, the Court requested an update from the parties. Order [72] at 1.[3] In response, the Government advised that it is "currently in the process of evaluating whether to file a statement of interest or to seek dismissal of this case pursuant to 31 U.S.C. § 3730(c)(2)(A)." Gov't's Resp. [73] at 1. The Government "anticipates submitting a filing to the court stating its position within the next forty-five (45) days." *Id.*

As noted above, the Government would be within its rights to ultimately dismiss the case over Vanderlan's objections after he receives notice and an opportunity to be heard. 31 U.S.C. § 3730(c)(2)(A); *see also Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 (5th Cir. 2001) (noting that "government retains the unilateral power to dismiss an action 'notwithstanding the objections of the person'") (citing 31 U.S.C. § 3730(c)(2)(A)). Such a step would substantively change the legal issues before the Court. Most notably, the present motion to dismiss includes an issue of first impression—whether an EMTALA violation can form the basis of an FCA claim.

---

[3] With apologies to the parties, this matter did not initially appear on the Court's electronic tracking system. Given the passage of time, it was necessary to obtain an update.

7

As Vanderlan himself notes, "there is no prior FCA case premised on alleged EMTALA violations." Relator's Resp. [54] at 34. Given the possibility that the Government may invoke § 3730(c)(2)(A), it would be imprudent to render an opinion on this open question.

In light of this information, the Court finds this action should be stayed. Once the Government's filing is received, the Court will reassess and determine the next step. The Government is given 45 days from the date of this order to make its decision.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result. Relator Vanderlan's motion for a preliminary injunction/temporary restraining order [27] is denied. The Government is given 45 days to make its election going forward, and this case is stayed until further Order of the Court.

**SO ORDERED AND ADJUDGED** this the 14th day of September, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE