UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE UNITED STATES OF AMERICA ex rel.
W. BLAKE VANDERLAN, M.D.                                                          PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:15-CV-767-DPJ-FKB

JACKSON HMA, LLC d/b/a
CENTRAL MISSISSIPPI MEDICAL CENTER
a/k/a MERIT HEALTH CENTER-JACKSON                                      DEFENDANT

ORDER

    This qui tam suit under the False Claims Act (FCA) is before the Court on the United

States' motion to dismiss [80] Counts I, II, III, V, and VI of the First Amended Complaint.

Relator W. Blake Vanderlan, M.D., opposes the motion.  Having fully considered the parties'

submissions and relevant authorities, the Court finds the motion [80] should be granted without a

hearing.

I.      Background

    The Court explained the factual and procedural history of this lawsuit in its May 11, 2020

Order [115].  That Order is incorporated by reference.  In very general terms, Relator Vanderlan

filed this qui tam action under the FCA, alleging that Jackson HMA violated the Emergency

Medical Treatment and Labor Act (EMTALA).

    Relying on 31 U.S.C. § 3730(c)(2)(A), the United States seeks dismissal of five of the six

counts of the Complaint.  In its prior Order [115], the Court recognized the circuit split over the

standard for granting dismissal under § 3730(c)(2)(A) and adopted the approach set out in *Swift*

*v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003).  Under *Swift*, § 3730(c)(2)(A) gives the government an "unfettered right" to seek dismissal of an action brought in its name.  *Id.*[1]

Consistent with the *Swift* holding, the Court directed Relator to respond to the United States' motion to dismiss and specifically address whether a hearing is required; Relator was instructed to "avoid the arguments and authority [the May 11, 2020] Order reject[ed]."  Order [115] at 24.  Relator filed his response, and the United States replied.

II.    Analysis

Section 3730(c)(2)(A) provides:  "The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."  Some courts have found that the filing of a written response in opposition to the motion satisfies the "hearing" requirement; others have allowed oral argument.  31 U.S.C. § 3730(c)(2)(A); *see* Order [115] at 14 (collecting cases).

Relator says this Court should conduct an in-person hearing on the motion to dismiss, specifically oral argument.  *See* Resp. [116] at 2 ("Relator Vanderlan's Response will only address a hearing in terms of oral argument.").  He advances three arguments in support:  (1) other courts have allowed oral argument; (2) one of the Government's reasons for seeking dismissal is arbitrary; and (3) "[t]here are significant issues remaining for consideration."  *Id.* at

---

[1] By contrast, under *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, the United States must demonstrate that dismissal is rationally related to a "valid government purpose."  151 F.3d 1139, 1145 (9th Cir. 1998).  Once the Government does so, the burden then shifts to the relator "to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal."  *Id.*

4.  The Court will separately address those arguments.

      A.      Hearings Allowed in Other Courts

Relator lists—without elaboration—four district court cases that "opted for oral argument" prior to granting the Government's motion to dismiss.  *Id.* at 3.  But none of these opinions analyzed or explored the decision to hold in-person oral argument as opposed to simply allowing the Relator to file a written response in opposition.  *See U.S. ex. rel. Farmer v. Republic of Hond.*, 438 F. Supp. 3d 1321, 1325 (S.D. Ala. 2020) (noting that court held hearing but not explaining why); *Polansky v. Exec. Health Res., Inc.*, 422 F. Supp. 3d 916, 923 (E.D. Pa. Nov. 5, 2019) (same); *United States v. Gilead Sci., Inc.*, No. 11-CV-941-EMC, 2019 WL 5722618, at *1 (N.D. Cal. Nov. 5, 2019) (same); *U.S. ex rel. Schneider v. J.P. Morgan Chase Bank, N.A.*, No. 14-1047, 2019 WL 1060876, at *1 (D. D.C. Mar. 6, 2019) (same); *U.S. ex rel Davis v. Hennepin Cnty.*, No. 18-CV-1551, 2019 WL 608848, at *1 (D. Minn. Feb. 13, 2019) (same).  Moreover, none of these opinions originate within the Fifth Circuit, nor are they considered binding authority.[2]

By contrast, Judge Davidson of the Northern District of Mississippi denied a request for a hearing in a similar FCA action alleging violations of EMTALA.  *U.S. ex rel. Sibley v. Delta Reg'l Med. Ctr.*, No. 4:17-CV-53-GHD-RP, 2019 WL 1305069, at *10 (N.D. Miss. Mar. 21, 2019).  In doing so, he noted "numerous courts had held, 'the hearing requirement is satisfied by allowing the relator an opportunity to submit a response to the motion.'"  *Id.* (quoting *U.S. ex rel.*

---

[2] In addition, cases applying *Sequoia Orange* are even less persuasive, as that standard arguably requires courts to further explore the reasons for dismissal.  *See Farmer*, 438 F. Supp. 3d at 1330 (finding government had "unfettered right to dismiss" but applying the *Sequoia Orange* two-step analysis "in abundance of caution"); *Polansky*, 422 F. Supp. 3d at 926 (declining to decide whether *Sequoia Orange* or *Swift* applied because under either Government was entitled to dismissal); *United States*, 2019 WL 5722618, at *8 (applying "*Sequoia*'s two-step test"); *Davis*, 2019 WL 608848, at *7 (alternatively applying *Sequoia Orange*).

*May v. City of Dall.*, No. 3:13-CV-4194-N-BN, 2014 WL 5454819, at *4 (N.D. Tex. Oct. 27, 2014) (collecting cases)); *see Greene v. Internal Revenue Serv.*, No. 1:08-CV-0280-LEK-DRH, 2008 WL 5378120, at *2 (N.D.N.Y. Dec. 23, 2008) ("This Court's consideration of the arguments raised in the Plaintiffs' opposition has provided them with an opportunity to be heard on the Government's Motion."); *U.S. ex rel. Pentagen Techs. Int'l Ltd. v. United States*, No. 00 CIV. 6167 (DAB), 2001 WL 770940, at *7 n.13 (S.D.N.Y. July 10, 2001) ("[T]his Court permitted Relators to formally Oppose the Government's Motion to Dismiss.  This Court's consideration of the arguments raised in the Relators' Opposition has provided the Relators with an opportunity to be heard on the Government's Motion.").  In sum, the cases Relator listed— without further elaboration—do not convince the Court that a hearing is necessary.  Relator has had several opportunities to brief the legal issues, and further argument is unnecessary.  *See* L.U. Civ. R. 7(b)(6) ("The [c]ourt will decide motions without a hearing or oral argument unless otherwise ordered by the court.").

B.     Arbitrariness of the Government's Reason for Dismissal

Next, Relator argues that a hearing is appropriate if there is evidence of "government arbitrariness or impropriety," citing *United States ex. rel. Mateski v. Mateski*, 634 F. App'x 192 (9th Cir. 2015).  Resp. [116] at 3.  He focuses on the Government's first stated reason for dismissal—hindrance of settlement negotiations between the Office of the Inspector General and Jackson HMA, stating:  "The Government's admission that it is seeking dismissal of Relator Vanderlan's case so that it can settle with Jackson HMA becomes the quintessential arbitrary act in light of the Government's argument that it is entitled to due [sic] so without judicial restraint and without limitation."  *Id.* at 4.

4

First, this argument is not even remotely developed, consisting of merely one paragraph. Second, *Sequoia Orange*, not *Swift*, touches on issues of arbitrariness and impropriety.  And third, *Mateski* does not support Relator's proposition.  634 F. App'x 192.  There, the Ninth Circuit affirmed dismissal—on the Government's motion—of a qui tam action under the FCA and specifically held that the district did not err in denying Mateski a hearing.  *Id.* at 194. Quoting *Sequoia Orange*, the court noted "Mateski is only entitled to a hearing if he 'presents a colorable claim that the settlement or dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary or improper considerations.'"  *Id.* (quoting *Sequoia Orange*, 151 F.3d at 1145).  This Court is not applying the *Sequoia Orange* test, nor has Relator pointed to *evidence* of "arbitrary or improper considerations."  151 F.3d at 1145.  This argument is not compelling.

C.      Catch-all:  Significant Issues Remaining for Consideration

The final portion of Relator's Response advances three seemingly unrelated arguments. First, he claims dismissal will discourage future whistleblowers.  He describes a scenario where a wrongdoer (here Jackson HMA) encourages the Government to dismiss the qui tam action and settle outside that action, thereby eliminating recovery by the relator—and lowering the price tag of the settlement.  Resp. [116] at 4–5.[3]

---

[3] Relator references a letter from Jackson HMA's counsel to the Government ("the Selden Letter"), saying it "is evidence that the Government and Jackson HMA have leveraged dismissal of Relator Vanderlan's FCA case into a better deal . . . for them[.]" Resp. [116] at 4 (ellipsis in original).  In Reply, the Government represents that the Court previously held it "will not consider the Selden Letter in resolving the United States' motion to dismiss."  Reply [117] at 5 (citing Order [115] at 25).  Though not determinative there, that is incorrect.  The Court held that it would not convert Jackson HMA's motion to dismiss [51], which was filed before the Selden Letter was issued, to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) simply because the Government submitted the Letter [86-1] as an exhibit to its motion to dismiss [80].  Order [115] at 25.

While the Court appreciates Relator's frustration, § 3730(c)(2)(A) itself contemplates that a relator's position may be diminished by dismissal.  It allows the Government to "dismiss the action *notwithstanding the objections of the person initiating the action*."  31 U.S.C. § 3730(c)(2)(A) (emphasis added).  Ultimately, a relator stands in the shoes of the Government in a qui tam suit, and accordingly, the Government retains an "unfettered right" to dismiss the action at any time.  *Swift*, 318 F.3d at 252.

Second, Relator appears to argue that he is due an opportunity to "show that the [G]overnment's position is 'fraudulent, arbitrary and capricious, or illegal.'"  Resp. [116] at 5 (quoting *United States v. Acad. Mortg. Corp.*, No. 16-CV-2120-EMC, 2018 WL 3208157, at *3 (N.D. Cal. June 29, 2018)).  If the Court were to apply *Sequoia Orange*'s two-step test, as the court in *Academy Mortgage* did, then the burden would shift to Relator to "demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal" at step two.  *Sequoia Orange*, 151 F.3d at 1145.  But the Court has rejected *Sequoia Orange* in favor of *Swift*; the burden-shifting approach Relator advances does not apply.[4]

Third, Relator challenges the Court's expressed concern over the volume of discovery requested from the Government.  Resp. [116] at 5 (citing Order [115] at 16).  He urges the Court to utilize its discretion to limit how much discovery is allowed.  *Id.* at 6.  It is not clear how this argument relates to the propriety of a hearing.  The Court thoroughly considered and denied Relator's requests for discovery in its prior Order [115].  This renewed invitation to allow limited discovery does not change the Court's position or suggest a hearing is necessary.  In sum, none

---

[4] The Court also thoroughly discussed, and distinguished, *Academy Mortgage* in the prior Order [115].

of the arguments contained in the catch-all portion of Relator's Response weigh in favor of oral argument.

The Court finds an in-person hearing is not warranted; Relator's entitlement to a "hearing" under § 3730(c)(2)(A) is satisfied by his written responses to the motion to dismiss. Applying the "unfettered discretion" standard set forth in *Swift*, the Government's motion to dismiss [80] is granted.  318 F.3d at 252.

III.    Conclusion

The Court has considered all arguments the parties raised; those not addressed would not have changed the outcome.  For the reasons stated in this Order, as well as the Order [115] entered May 11, 2020, and incorporated by reference, the Court finds the United States' motion to dismiss [80] should be granted without a hearing.  Consistent with *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003), the United States has "an unfettered right" to seek dismissal pursuant to 31 U.S.C. § 3730(c)(2)(A).  Counts I, II, III, V, and VI of the First Amended Complaint are dismissed.

This holding leaves only Count IV for retaliatory discharge/harassment pending against Jackson HMA.  And while Jackson HMA filed its own motion to dismiss [51], because that motion addressed all counts and the scope of the suit has changed significantly, the Court finds that motion [51] should be terminated without prejudice to refiling.

The Court instructs Relator to evaluate his interest in pursuing Count IV against Jackson HMA following the Court's rulings.  To be clear, the Court has in no way evaluated that claim, and this invitation should not be viewed as a comment on its strength.  Simply put, the case has changed, and Relator should have an opportunity to assess the next step.  He should therefore file a notice declaring his intent to purse that claim, or abandon it, by January 15, 2021.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
